```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

UNITED STATES OF AMERICA
                                        13 Cr. 00148 (RWS)
    - against -
                                        SENTENCING OPINION
KENNETH HOYT,

                    Defendant.

-------------------------------------X
```

**Sweet, D.J.**

On April 30, 2013, Kenneth Hoyt ("Hoyt" or "Defendant") pleaded guilty to failure to register as a sex offender.

For the reasons set forth below, Hoyt will be sentenced to thirty months imprisonment followed by ten years of supervised release.

Prior Proceedings

Hoyt was named in a One-Count Indictment filed in the Southern District of New York on March 1, 2013. Count One charges that from at least October 2012 through February 2013,

1

in the Southern District of New York and elsewhere, Hoyt, being an individual required to register under the Sex Offender Registration and Notification Act, moved from California to New York without updating his registration with California and without registering in New York. On April 30, 2013, Hoyt appeared before the Honorable James L. Cott in the Southern District of New York and allocated to his criminal conduct in the above charge. Hoyt's sentencing is currently scheduled for November 12, 2013.

The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)   the need for the sentence imposed –

        (A)   to reflect the seriousness of the offense,

2

        to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

The Defendant

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Hoyt's personal and family history.

The Offense Conduct

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that document.

An investigation was conducted by a senior inspector with the U.S. Marshal Service ("USMS"). Based on reviewing Hoyt's criminal history, as well as conversations with the New York State law enforcement authorities, the case agent learned that on December 16, 1986, a jury in California found Hoyt guilty of three counts of Child Molestation, a violation of Section 288(a) of the California State Penal Code. The charges were based upon Hoyt's commission of lewd and lascivious acts with a 13-year-old female. As a result of those convictions, on about April 6, 1987, Hoyt was sentenced to 115 days'

imprisonment and three years' probation. On September 22, 1987, Hoyt was subsequently convicted of Indecent Exposure with Prior Conviction, a violation of Section 314.1 of the California State Penal Code. As a result of that conviction, Hoyt was sentenced to two years' imprisonment. Additionally, on January 2, 1992, Hoyt was convicted in Nevada of two counts of Indecent Exposure for exposing himself to an 11-year-old female. On June 25, 2004, the New York County Supreme Court issued a determination as to the sex offender registration status and requirements for Hoyt, which found that at the time of Hoyt's arrest in Nevada, there were five female juveniles in his apartment in various stages of undress. As a result of that conviction, Hoyt was sentenced to six years' imprisonment.

The New York Sex Offender Determination classified Hoyt as a Level 3 sex offender with a lifetime registration requirement. On March 25, 2004, Hoyt executed a Sex Offender Registration Form. The form indicated, in part, that Hoyt was required as a Level 3 sex offender to notify the New York State Division of Criminal Justice Services ("DCJS") in writing of any change of home address no later than 10 days after moving; that if Hoyt moved to another state, he must register as a sex offender within 10 days of establishing residence; and that if

it was determined that Hoyt's classification was Level 3 or that he was deemed a sexual predator, he must verify his home address in person with his local law enforcement agency every 90 days, as well as verify his home address annually. Hoyt acknowledged that he understood that he had a duty to register as a sex offender and that this obligation was explained to him; he printed and signed his name to the bottom of the form. During the course of the next four years through May 19, 2008, Hoyt executed Sex Offender Registry Address Verification Forms, and returned them to the DCJS. On August 6, 2009, Hoyt executed a New York State Sex Offender Change of Address Form, thereby changing his address from a residence in New York, NY, to a residence in Los Angeles, CA.

On March 11, 2010, Hoyt was convicted in Los Angeles, CA, for Failure to Register as a Sex Offender in violation of Section 290(b) of the California State Penal Code. As a result of that conviction, Hoyt was sentenced to a term of two years' imprisonment. On June 7, 2012, Hoyt was released from prison. As a result of his status as a sex offender, Hoyt was enrolled in a Global Positioning System ("GPS") program upon his release from custody, and he was required to wear a GPS monitoring bracelet as a condition of his supervised release.

Approximately four months later on October 11, 2012, Hoyt cut off his GPS monitoring bracelet, and an arrest warrant with nationwide extradition was issued for him by California State authorities.

On January 16, 2013, a law enforcement agent with the USMS in New York, NY, was notified by personnel from their Pacific Southwest Regional Fugitive Task Force that they believed Hoyt was in New York City.  The following day on January 17, 2013, the New York DCJS Sex Offender Registry issued an affidavit and provided the USMS with records regarding Hoyt's sex offender registration. The records indicated that Hoyt had not updated his address with the proper New York State authorities since 2009.

While investigating the matter, the case agent also learned from an individual (Witness-1) who had received a text message from Hoyt, that the defendant was using a certain cellular telephone number; a "Google" search of the number led to a page on the website "www.craigslist.org," which contained an advertisement posted on January 25, 2013, by a person identified as "Kenny."  In the ad, "Kenny" was seeking a roommate to share a room in an apartment situated on West 182nd

Street in New York, NY, along with three other individuals. The case agent then spoke with an individual who resided at the residence (Witness-2), who informed him that she had been living in the residence since 2011, along with her common-law husband and their six-year-old daughter; that Hoyt, whom she recognized from a photograph, had been subletting a room in her apartment; and that Hoyt had moved into the apartment on October 31, 2012 and remained there since that time.

Another "Google" search of Hoyt's cellular telephone number also led to a page on the website "www.massagem4m.com," which advertised male massage therapists and displayed several photographs of Hoyt, who was using the name "Mario," and listing his home city as "New York City." Law enforcement agents acting in an undercover capacity arranged to meet the person posing as "Mario" on January 30, 2013, at a hotel located on East 92nd Street in New York, NY. Upon meeting the individual in question, law enforcement agents determined that "Mario" was in fact Hoyt. Law enforcement agents then executed the California warrant and arrested Hoyt at the hotel. A criminal complaint was filed in the Southern District of New York on February 8, 2013.

Hoyt's pertinent criminal history is as follows:

| Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline |
|---|---|---|---|
| 09-24-84<br>Age: 19 | Making Harassing Telephone Calls/ North Orange County Municipal Court, Orange County, CA<br>Case #8413313 | 10/15/84: Pleaded guilty; Sentenced to three years' probation | §4A1.2(e)(3) |
| 12/12/85<br>Age: 21 | Child Molestation (Commission of Lewd and Lascivious Acts with a Child Under the Age of 13 - three counts)/ Superior Court of the State of California, Orange County, CA Case #C-59630 | 12/16/86: Convicted at trial; Sentenced to 115 days' imprisonment and 3 years' probation<br><br>2/4/87: Committed to the Diagnostic Treatment Center in Chino, CA, for 90 days after multiple violations of probation | §4A1.2(e)(3) |

| | | | |
|---|---|---|---|
| 7/9/87<br>Age: 22 | Indecent Exposure w/Prior Felony (two counts)/ Superior Court of the State of California, Orange County, CA Case #C-65056 | 9/22/87:Entered a plea of nolo contendere; Sentenced to a total of 32 months' imprisonment; 12/20/88: Paroled<br><br>1/25/89: Remanded to the California State Department of Corrections on a parole violation<br><br>3/19/90: Re-paroled; Absconded to Las Vegas, NV, and dishonorably discharged | §4A1.2(e)(3) |
| 9/3/90<br>Age: 25 | Indecent/Obscene Exposure/ Clark County Eighth Judicial District Court, Las Vegas, NV Case #C96798 | 2/5/91: Pleaded guilty<br><br>4/15/91: Sentenced to 1 year of imprisonment w/credit for 190 days' time served, and ordered to pay a $20 assessment | §4A1.2(e)(3) |
| 12/7/91:<br>Age: 27 | Obscene Telephone Calls (two counts); and Annoying a Minor (three counts)/ Clark County Justice Court, Las Vegas, NV Case #91M13260X | 3/6/92: Pleaded guilty; Sentenced to 6 months' imprisonment | §4A1.2(e)(3) |

| | | | |
|---|---|---|---|
| 12/30/91<br><br>Age: 27 | Indecent/Obscene Exposure - Second Offense (two counts)/<br>Clark County Eighth Judicial District Court, Las Vegas, NV<br>Case #C104949 | 6/25/92:<br>Pleaded guilty<br><br>8/28/92:<br>Sentenced to six years' imprisonment on each count to run consecutively w/credit for 239 days' time served | §4A1.2(e)(3) |
| 3/27/95<br><br>Age: 30 | Attempted Coercion by Force/<br>Clark County Eighth Judicial District Court, Las Vegas, NV<br>Case #C127942 | 5/16/95:<br>Pleaded guilty; 6/13/95<br>Sentenced to 1 year of imprisonment (to run consecutively to the sentence imposed in Case #C104949), and ordered to pay $25 in fines and court fees | §4A1.2(e)(3) |
| 2/6/03<br><br>Age: 39 | Loitering/Prostitution (first offense)/<br>Manhattan Criminal Court, New York, NY<br>Dkt. #2003CN001322 | 7/31/03:<br>Pleaded guilty; Sentenced to 15 days' imprisonment or payment of a $100 fine (fine paid) | §4A1.2(c) |
| 7/17/09<br><br>Age: 45 | Failure to Register as a Sex Offender/<br>Los Angeles County Superior Court<br>Los Angeles, CA<br>Case #XCNBA35904701 | 3/11/10:<br>Pleaded guilty<br>4/16/10:<br>Sentenced to 2 years' imprisonment and ordered to pay unspecified court fees | §4A1.2(e)(1)<br>§4A1.1(a) |

11

| 3/16/10<br>Age: 45 | Indecent Exposure/<br>Los Angeles County Superior Court,<br>Los Angeles, CA<br>Case #BA35904701 | 7/28/10:<br>Convicted;<br>Sentenced to 32 months' imprisonment | §4A1.2(e)(1)<br>§4A1.1(a) |
|---|---|---|---|

In addition, according to the criminal history documentation furnished by the U.S. Probation Office in the District of Nevada, Hoyt has a history of making threats to staff members and other inmates. In one instance, the Defendant wrote a letter to the then warden of the Southern Desert Correctional Center and indicated that he wanted funds from home in order to have his cell mate and another prison inmate "bumped off."

The Relevant Statutory Provisions

The maximum term of imprisonment on Count One is ten years, pursuant to 18 U.S.C. § 2250. The Court may impose a term of supervised release of at least five years and up to life, pursuant to 18 U.S.C. § 3583(k). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to §

12

5D1.1(a).

The maximum fine for Count One is $250,000.00, pursuant to 18 U.S.C. § 3571(b). A special assessment of $100.00 is also mandatory for Count One, pursuant to 18 U.S.C. § 3013. Subject to the Defendant's ability to pay, the Court shall consider the expected costs to the Government of any imprisonment, probation or supervised release pursuant to §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,412.33 to be used for imprisonment, a monthly cost of $278.95 for supervision, and a monthly cost of $2,244.71 for monthly confinement. Restitution and forfeiture are not applicable in this case. See 18 U.S.C. § 3663.

**The Guidelines**

The November 1, 2012 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

13

Pursuant to Defendant's plea allocution, Defendant's base offense level is sixteen. U.S.S.G. §2A3.5(a)(1). Given Defendant's timely notice of his intention to plead guilty and his recognition of responsibility in his plea allocution, and because the aforementioned base offense level is 16 or greater, pursuant to §3E1.1(a) and (b), the offense level is reduced three levels. Defendant's total offense level is thus thirteen.

The criminal convictions above result in a subtotal criminal history score of six. At the time the instant offense was committed, the Defendant was on parole in California for the Failure to Register as a Sex Offender conviction. Pursuant to §4A1.1(d), two points are added, resulting in a total of eight criminal history points and a Criminal History Category of IV.

Based upon the calculations set forth above, the Defendant's stipulated Guidelines range is 24 to 30 months' imprisonment. The guideline range for a term of supervised release is a minimum of five years required by statute pursuant to §5D1.2(b)(2). Because the applicable guidelines range is in Zone D of the sentencing table, the Defendant is not eligible for probation, pursuant to §5B1.1. The fine range for this

offense is from $3,000 to $30,000. USSG §5E1.2(c)(3) and (4)(A).

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

Under 18 U.S.C. § 3553(a)(1), the Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant." Pursuant to 18 U.S.C. § 3553(2)(A), the Court weighs the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

The instant offense represents Hoyt's twelfth known criminal conviction, all of which involved crimes of a deviant and/or sexual nature, and span more than twenty-five years and three separate states. Hoyt's prior offenses, some of which he perpetrated multiple times, include, as indicated above, child

molestation; indecedent/obscene exposure; contributing to the delinquency of a minor; attempted coercion by force; loitering/prostitution and failure to register as a sox offender.  Hoyt's prognosis to reoffend, especially with minors under the age of 14, was determined to be high.  Accordingly, a sentence at the high end of the guidelines range is appropriate, as is a 10-year term of supervised release in order to monitor the Defendant's activities in the community and to ensure that he maintains his registry with the New York State Sex Offender Database following his release from custody.  Because of Defendant's inability to pay and increasing debt, the fine in this case will be waived pursuant to 18 U.S.C. § 3572.

**The Sentence**

For the instant offense, Defendant Hoyt will be sentenced to thirty months' imprisonment followed by ten years of supervised release.

The standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) The defendant shall undergo a sex-offense-specific evaluation and participate in a sex offender treatment/and or mental health treatment program approved by the probation officer. The defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing. The defendant shall waive his right of confidentiality in any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review the defendant's course of treatment and progress with the treatment provider. The defendant will be required to contribute to the costs of services rendered in an amount approved by the probation officer, based on ability to pay or availability of third-party payment.

(2) The defendant shall not have deliberate contact with any child under 17 years of age, unless approved by the probation officer. The defendant shall not loiter within 100 feet of schoolyards, playgrounds, arcades, or other places primarily used by children under the age of 17.

(3) The defendant shall submit his person, residence, place of business, vehicle, or any other premises

under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the defendant's release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation.  The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(4)   The defendant is not to use a computer, Internet-capable device, or similar electronic device to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant shall consent to the use and/or installation of a computer program which shall monitor suspect computer use on any computer owned or controlled by the defendant. The program(s) used will be designed to identify, for the probation office, only the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual nature, defined as Suspect Computer Use.  Suspect Computer Use shall be identified by the installed program(s) and/or the probation officer through the screening of the defendant's computer usage for certain key words, phrases, and images.

(5)   The defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(6)   The defendant will be supervised by the district of residence.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for November 12, 2013.

It is so ordered.

**New York, NY**
**November 6, 2013**

ROBERT W. SWEET
U.S.D.J.