

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javitz Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

September 17, 2024

**BY ECF**

Hearing is adjourned from October 1, 2024 to October 30, 2024 at 2:30 p.m. in Courtroom 11D.
SO ORDERED.
Dated: 9/26/2024

*[signature]*

P. Kevin Castel
United States District Judge

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States</u> v. <u>Kenneth Hoyt</u>, 13 Cr. 148 (PKC)

Dear Judge Castel:

    The Government respectfully submits this letter in response to the Court's inquiries and order at the July 30, 2024 conference in this matter, and in advance of the pending violation of supervised release hearing.[1]

    **A. Factual Background**

    On July 17, 2023, the United States Probation Department filed a violation report (the "Violation Report") with nine violation specifications detailing alleged state crimes committed by the defendant from September 10, 2022 through February 5, 2023, stemming from an indictment returned by a New York state grand jury in *People of the State of New York v. Kenneth Hoyt*, Indictment 73212-23/001 (the "NY Indictment"). The NY Indictment is attached as Exhibit A. Those violations and state charges, as summarized in the Violation Report, stem from the defendant's alleged assault, harassment, menacing, and stalking of a victim. The violations are:

1. On or about January 10, 2023, the supervised releasee committed a state crime, assault in the third degree, in violation of New York State Penal Law 120.00, a Class A misdemeanor. (Violation 1.)

2. On or about September 10, 2022, to on or about March 28, 2023, in New York, New York, the supervisee committed a state crime, stalking in the third degree, in violation

---

[1] The undersigned apologizes for failing to submit this letter by the deadline set by the Court, which was August 14, 2024. With the consent of counsel for the defendant, we respectfully request that the defendant be afforded two weeks, *i.e.* until October 1, 2024, to respond. As the violation of supervised release proceeding in this matter is currently scheduled for October 1, 2024, the Government has no objection to a brief adjournment of the hearing, and understands that defense counsel and the Probation Office would have no objection to a brief adjournment. If the Court's schedule allows, the parties, including the Probation Office, are available on October 7, 10, 15, or 16, and can coordinate with the Court's staff with respect to any additional dates.

    of New York State Penal Law 120.50 (3), a Class A misdemeanor, in that he, with the intent to harass, annoy, and alarm, intentionally engaged in a course of conduct directed at such person which caused the victim to reasonably fear physical injury, serious physical injury, and the commission of a sex offense.  (Violation 2; NY Indictment Count One.)

3. On or about September 10, 2022, to on or about March 28, 2023, in New York, New York, the supervisee committed a state crime, menacing in the second degree in violation of New York State Penal Law 120.14 (2), a Class A misdemeanor, in that he repeatedly followed the victim and engaged in a course of conduct and repeatedly committed acts over a period of time intentionally placing and attempting to place such person in reasonable fear of physical injury, serious physical injury and death. (Violation 3; NY Indictment Count Three.)

4. On or about January 27, 2023, in New York, New York, the supervisee committed a state crime, aggravated harassment in the second degree in violation of New York State Penal Law 240.30 (1)(A), a Class A misdemeanor, in that he communicated, anonymously and otherwise, by telephone, by computer and any other electronic means, and by mail, and by transmitting and delivering any other form of communication, a threat to cause physical harm to, and unlawful harm to the property of, such person, and a member of such person's same family and household. (Violation 4; NY Indictment Count Six.)

5. On or about February 4, 2023, in New York, New York, the supervisee committed a state crime, aggravated harassment in the second degree, in violation of New York State Penal Law 240.30 (1)(A), a class A misdemeanor, in that he communicated, anonymously and otherwise, by telephone, by computer and any other electronic means, and by mail, and by transmitting and delivering any other form of communication, a threat to cause physical harm to, and unlawful harm to the property of, such person, and a member of such person's same family and household. (Violation 5; NY Indictment Count Seven.)

6. On or about February 5, 2023, in New York, New York, the supervisee committed a state crime, aggravated harassment in the second degree, in violation of New York State Penal Law 240.30(1)(A), a Class A misdemeanor, in that he communicated, anonymously and otherwise, by telephone, by computer and any other electronic means, and by mail, and by transmitting and delivering any other form of communication, a threat to cause physical harm to, and unlawful harm to the property of, such person, and a member of such person's same family and household. (Violation 6; NY Indictment Count Eight.)

7. On or about September 10, 2022, to on or about March 28, 2023, in New York, New York, the supervisee committed a state crime, stalking in the fourth degree in violation of New York State Penal Law 120.45(1), a Class B misdemeanor, in that he intentionally, and for no legitimate purpose, engaged in a course of conduct directed

      toward the victim, and knew and reasonably should have known that such conduct was likely to cause reasonable fear of material harm to the physical health, safety, and property of such person. (Violation 7; NY Indictment Count Two.)

8. On or about September 10, 2022, to on or about March 28, 2023, in New York, New York, the supervisee committed a state crime, harassment in the first degree in violation of New York State Penal Law 240.25, a class B misdemeanor, in that he intentionally and repeatedly harassed another person by following such person in and about a public place and places and by engaging in a course of conduct and by repeatedly committing acts which placed such person in reasonable fear of physical injury. (Violation 8; NY Indictment Count Four.)

9. On or about September 10, 2022, in New York, New York, the supervisee committed a state crime, exposure of a person in violation of New York State Penal Law 245.01, a violation, in that he appeared in a public place in such a manner that the private and intimate parts of his body were exposed. (Violation 9; NY Indictment Count Five.)

On or about May 22, 2024, Hoyt was found guilty, after a jury trial, in New York Supreme Criminal Court on Counts One, Two, Three, Four, Five, and Eight of the NY Indictment. *See* Exhibit B, New York Supreme Criminal Court, Certificate of Disposition. The counts of conviction correspond to several of the violations in the Violation Report, specifically, Violation 2 (Count One), Violation 3 (Count Three), Violation 6 (Count Eight), Violation 7 (Count Two), Violation 8 (Count Four), and Violation 9 (Count Five). A copy of the trial transcript is attached as Exhibit C.

On or about May 30, 2024, Hoyt was sentenced to one year of imprisonment for Counts One, Three, and Six of the NY Indictment; three months' imprisonment for Counts Two and Four of the NY Indictment; and time served for Count Five of the NY Indictment. *See* Exhibit B. The sentences were ordered to run concurrently, but to be served consecutive to any federal term of imprisonment. *See* Exhibit D, Transcript of May 30, 2024 Sentencing in *People of the State of New York v. Kenneth Hoyt*, Indictment 73212-23/001.

### A. The Certificate of Disposition Is Admissible and Establishes a Violation of Supervised Release

At a violation of supervised release hearing, the Government need only prove an alleged violation of supervised release by a preponderance of the evidence. *See United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (quotation and citation omitted). Indeed, "[r]evocation proceedings are not deemed part of a criminal prosecution, and, therefore, defendants in such proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy." *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). The Confrontation Clause prohibitions against hearsay evidence do not strictly apply. *See, e.g.*, *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006).

In a VOSR hearing, a defendant has "the right to confront and cross-examine adverse witnesses (unless the [Court] specifically finds good cause for not allowing confrontation)."

*Morrissey*, 408 U.S. at 489; *see also* Fed. R. Crim. P. 32.1(b)(2)(C). "For statements that would be inadmissible under the Federal Rules of Evidence, a determination of 'good cause' requires the court to balance 'the defendant's interest in confronting the declarant[] against[] . . . the government's reasons for not producing the witness and the reliability of the proffered hearsay.'" *Carthen*, 681 F.3d at 100 (quoting *Williams*, 443 F.3d at 45 (brackets and ellipses in original)).

"A certified copy of a conviction is proper evidence that a defendant violated a state or federal law and, thereby, violated a condition of his or her supervised release." *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir.), *opinion modified on denial of reh'g*, 92 F.3d 1108 (11th Cir. 1996); *see also United States v. Samuel*, 653 F. App'x 37, 39 (2d Cir. 2016) (summary order) (finding there was not a reasonable probability that a defendant, who pleaded guilty to a violation of supervised release, would not have done so because "the government was armed with a certificate of conviction from state court, and [the defendant] ha[d] not identified any evidence he might have adduced at a hearing to convince the District Court that, notwithstanding the state-court conviction, he had not violated the terms of his supervised release.").

As for collateral attacks to the underlying conviction, the Second Circuit and other circuits have held that "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." *United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) (citing *United States v. Francischine,* 512 F.2d 827, 828–29 (5th Cir.), *cert. denied,* 423 U.S. 931 (1975) ("[T]he underlying validity of a conviction cannot be asserted as a defense in a probation revocation proceeding [and] the conviction's validity may be collaterally attacked only in a separate proceeding under 28 U.S.C.A. § 2255 . . ."); *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996) (per curiam) ("[A] supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation."); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987) ("Irrespective of the merits of [defendant's] claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction. The conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned."); *see also United States v. Ortiz*, 779 F.3d 176, 180 (2d Cir. 2015) (restating holding in *Warren*); *United States v. Fleming,* 9 F.3d 1253, 1254 (7th Cir. 1993) ("The conviction itself, whether or not an appeal is taken, provides adequate proof of the violation of state law to justify revoking probation."); *United States v. Torrez Flores,* 624 F.2d 776, 780 (7th Cir. 1980) ("However meritorious defendant's . . . claim may be, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction."); *United States v. Gentile,* 610 F.2d 541, 542 (8th Cir.1979) ("Federal courts have consistently ruled that a criminal conviction provides sufficient grounds for revocation of probation even though an appeal from the conviction is still pending."); *United States v. Simmons,* 812 F.2d 561, 563 (9th Cir.1987) ("Irrespective of the merits of [defendant's] claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction. . . [A] court should consider the petition for probation revocation as if the underlying conviction was unquestioned.")).

The Government's evidence at the violation of supervised release hearing will establish that the defendant violated at least Violation 2, Violation 3, Violation 6, Violation 7, Violation 8,

Hon. P. Kevin Castel Page 5
September 17, 2024

and Violation 9. Specifically, the certificate of disposition of the defendant's state criminal case (GX 1) will establish by a preponderance of the evidence that the defendant committed:

(a) stalking in the third degree, in violation of New York State Penal Law 120.50 (3) (Violation 2);

(b) menacing in the second degree in violation of New York State Penal Law 120.14 (2), a Class A misdemeanor (Violation 3);

(c) aggravated harassment in the second degree, in violation of New York State Penal Law 240.30(1)(A), a Class A misdemeanor (Violation 6);

(d) stalking in the fourth degree in violation of New York State Penal Law 120.45(1), a Class B misdemeanor (Violation 7);

(e) harassment in the first degree in violation of New York State Penal Law 240.25, a class B misdemeanor (Violation 8); and

(f) exposure of a person in violation of New York State Penal Law 245.01, a violation (Violation 9).

In addition, the Government expects it would offer as exhibits (1) the NY Indictment (Exhibit A), (2) a certified copy of the defendant's certificate of disposition (Exhibit B), and (3) a copy of the defendant's state trial transcript (Exhibit C). These records alone are sufficient to establish that the defendant is guilty of Violations 2, 3, 6, 7, 8, and 9.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Negar Tekeei
Negar Tekeei
Assistant United States Attorney
(212) 637-2482

cc:  Louis M. Freeman (by email and ECF)
     United States Probation Officer Franklin Carvajal (by email)